UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILIP KADOVIC,
Petitioner,
v.
ERNESTO SANTACRUZ, JR., et al.,
Respondents.

Case No. 5:26-cv-05014-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 242-401-588**

Filip Kadovic ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or immediate release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The court has considered the Petition, attached declaration and exhibits, Respondents' response, and Petitioner's reply. Dkt. Nos. 8, 9.

## I. Background

The Court incorporates by reference, the allegations set forth in the Petition. Dkt. No. 1.

## II. Discussion

The Petition raises three claims: (1) Petitioner's detention without notice or a pre-deprivation hearing violated procedural due process under the Fifth Amendment; (2) his detention violates substantive due process; and (3) his arrest without a warrant violated 8 U.S.C. § 1357(a)(2) and 8 U.S.C. § 1226(a).

Respondents contend that Petitioner is currently detained under 8 U.S.C. § 1226(a), and because this is his first detention, his only potential available remedy is a bond hearing under § 1226(a), pursuant to *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Dkt. No. 8.

The Court disagrees for the following reasons.

### A. Procedural Due Process

The re-detention, without notice or a pre-deprivation hearing, of a noncitizen who was released on conditions shortly after entering into the United States and then fully complied with those conditions, can constitute a violation of the right to due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).

Courts have extended this principle to noncitizens who have lived at liberty in the United States while their immigration proceedings are pending, pursuant to the Government's implicit decision not to detain them. *See Gagik*

*T. v. Chestnut, et al.*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (granting release to noncitizen who entered the United States on a visitor visa, applied for asylum, was granted employment authorization, and remained out-of-custody for six years); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) ("Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."). *See also Abdeltawab v. Armant*, No. EDCV 26-01520-MWF (DTB), 2026 WL 1045564 at *1 (C.D. Cal. Apr. 13, 2026) (preliminary injunction granting release and finding liberty interest for noncitizen whose removal proceedings were administratively closed, was granted employment authorization, and then was arrested by immigration authorities for the first time).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1. Private Interest

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States for over two years since he arrived on a B-2 visa on July 2, 2024. He has continuously resided in Illinois since his arrival. He filed a timely asylum application on December 5, 2024, which is still pending. Although his visa expired after January 1, 2025, United States Citizenship and Immigration Services ("USCIS") granted him

an Employment Authorization Document that is valid from June 25, 2025, to June 24, 2030. Before his detention, Petitioner worked two jobs. He provided transportation services as an independent contractor, working roughly fifty hours a week, and he performed carpet cleaning work. Petitioner holds an apartment lease in his own name and has an Illinois drivers' license. He is also a regular member of a church.[1] Petition at 7–10. Petitioner alleges he has no criminal history, attended his biometrics appointment as scheduled, kept his address current with the government, and paid his annual asylum fee. *Id.* at 4.

Petitioner was detained by Immigration and Customs Enforcement ("ICE") on July 22, 2026, at Los Angeles International Airport preparing to board a flight to Chicago, Illinois. Petitioner had been visiting Los Angeles for vacation. He was transferred to the Adelanto ICE Processing Center, where he remains detained.[2] *Id.* at 13. Petitioner alleges he is the primary support for his mother, who underwent major back surgery two months ago; while detained, he cannot earn the income needed to cover her rent and basic living costs. Furthermore, Petitioner missed the birth of his niece because he was detained. *Id.* at 21–22.

Although the government has not previously detained or released Petitioner, the Court finds that Petitioner acquired a liberty interest because the government implicitly acquiesced to his continued release when it did not detain him after his visa expired and instead granted him employment authorization while his asylum claim was pending; there is also no evidence that Petitioner poses a flight risk or danger. *See Tello Vazquez v. Mullin*, No.

---

[1] Attached to the Petition are sworn statements and letters by friends, coworkers, and community members attesting to Petitioner's good character and work ethic. *See* Dkt. No. 1-2 at 4–17, 22–25.

[2] Petitioner alleges deficient conditions at Adelanto. *See* Petition at 18–21.

C26-2039-KKE, 2026 WL 1911507 at *2 (W.D. Wash. July 2, 2026) (finding that noncitizen with expired visa for five years, but who was never previously detained, and had no evidence that he was a flight risk or danger, had a strong liberty interest); *Carriollo v. Albarran*, No. 3:26-cv-05836-JSC, 2026 WL 1734895 at *2 (N.D. Cal. June 16, 2026) ("That the government has not sought to detain Petitioner over the past six years while his immigration applications have been pending reflects a determination by the government that he was neither a flight risk nor a danger to the community, and Petitioner has a strong interest in remaining at liberty unless he no longer meets those criteria.").

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of her liberty interest absent a pre-detention hearing." *Cruz*, 2025 WL 4051129 at *4. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every

check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioner has no criminal history that would suggest he is a danger to the community or a risk of flight. Respondents do not contend that changed circumstances prompted Petitioner's detention or that he is now a danger or flight risk. *See Abdeltawab*, 2026 WL 1045564, at *2 ("The risk [of erroneous deprivation] is especially pronounced here, where there is no reason to believe that Petitioner is or has been previously determined to be a flight risk or a danger to the community.").

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235 at *6 (C.D. Cal. Aug. 26, 2025) (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In

immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

Respondents do not meaningfully address Petitioner's argument that due to his time at liberty in the United States while seeking asylum and working pursuant to a valid employment authorization, without any criminal history, his detention without a pre-deprivation hearing violated his right to procedural due process.[3]

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that Petitioner's detention without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Conclusion

The Court grants the Petition based on Count One under procedural due process and dismisses the remaining counts without prejudice.

---

[3] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

## IV. Order

For the foregoing reasons, the Petition is GRANTED as to Count One, and the remaining counts are dismissed without prejudice.

Petitioner Filip Kadovic (A# 242-401-588) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, Respondents are ordered to return to Petitioner any of Petitioner's personal belongings that were seized from him, including his Employment Authorization Document, driver's license, passport, telephone, and other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of the above listed items.

IT IS SO ORDERED.

DATED: September 14, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge